COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JACK'S ICE CREAM, INC.
AND
LIBERTY MUTUAL INSURANCE COMPANY

v.          Record No. 2627-94-1          MEMORANDUM OPINION[*]
                                              PER CURIAM
BETTY S. RICHARDSON                         JUNE 27, 1995


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         (William C. Walker; Donna White Kearney; Taylor &
    Walker, on brief), for appellants.

         (Robert J. Macbeth, Jr.; Rutter & Montagna, on brief),
         for appellee.



    Jack's Ice Cream, Inc. and its insurer (hereinafter

collectively referred to as employer) contend that the Workers'

Compensation Commission (commission) erred in finding that Betty

S. Richardson (claimant) proved an injury by accident arising out

of and in the course of her employment on April 10, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

    On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

_____
         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Claimant testified that, on April 10, 1994, in the course of her employment as an ice cream truck driver, she injured her right knee and left shoulder as she was preparing to load her truck. In describing the accident, claimant stated that she placed her left foot on the truck's step, which contained "oil and grease . . . ." She slipped and fell, striking her right knee on the truck's metal step. She also stated that she pulled her shoulder when she attempted to catch herself as she fell.

Claimant's coworkers testified that she reported an incident to them, although their testimony conflicted as to the date she reported the incident. The coworkers testified that claimant told them that she bumped her knee on the corner of a freezer located inside the truck. The May 11, 1994 Employer's First Report of Accident, completed by Jo S. Fingleton, President of Jack's Ice Cream, Inc., contained an April 24, 1994 date of injury, and it reflected that claimant "hit [her] knee when getting off truck." The May 16, 1994 Employer's First Report of Accident, also completed by Fingleton, contained an April 10, 1994 date of injury, and it reflected that claimant "hit [her]

2

knee on truck."

The commission found that "the general substantive content of the testimony of the witnesses is consistent with and essentially corroborates the testimony of the claimant to prove an injury by accident as alleged."

The commission, in its role as fact finder, resolved any inconsistencies between claimant's testimony and that of her coworkers in favor of claimant. The commission found that claimant sustained an injury by accident arising out of and in the course of her employment on April 10, 1994, resulting in right knee and left shoulder injuries. Claimant's testimony, along with the corroborating medical records which reflect a history of right knee and left shoulder pain following a fall-type injury, provide credible evidence to support this finding. Thus, we are bound by this finding on appeal.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

3